■ GAETANO BINASCO et al., Plaintiffs, v BREAK-AWAY DEMOLITION CORP., Appellant, and AMERICAN TELEPHONE & TELE-

GRAPH Co., Defendant and Third-Party Plaintiff. CONSTRUCTION ASSOCIATES, INC., Third-Party Defendant-Respondent. [681 NYS2d 567] —In an action to recover damages for personal injuries, etc., the defendant Break-Away Demolition Corp. appeals from a judgment of the Supreme Court, Westchester County (Scarpino, J.), entered September 12, 1997, which, upon an order of the same court, entered April 22, 1997, granting the renewed motion of Construction Associates, Inc., for summary judgment on an alleged claim, is in favor of the third-party defendant Construction Associates, Inc. and against it (1) directing it to reimburse Construction Associates, Inc., for past attorney's fees and costs, to assume the defense of Construction Associates, Inc., in the third-party action and to provide full indemnification up to its liability policy limits, and (2) for an additional money judgment if a verdict in the main action exceeds the policy limits.

Ordered that the appeal from those portions of the judgment which directed Break-Away Demolition Corp. to assume the defense of Construction Associates, Inc., and to provide full indemnification, and which contingently directed the entry of an additional money judgment is dismissed as academic; and it is further,

Ordered that the portion of the judgment which directed Break-Away Demolition Corp. to reimburse Construction Associates, Inc., for past attorney's fees and costs is reversed, so much of the order as, upon renewal, granted that branch of the motion of Construction Associates, Inc., which was for summary judgment on its alleged claim against Break-Away Demolition Corp. for past attorney's fees and costs is vacated, and that branch of the motion is denied; and it is further,

Ordered that Break-Away Demolition Corp. is awarded one bill of costs.

Pursuant to a contract between the third-party defendant Construction Associates, Inc. (hereinafter Construction Associates), and the defendant Break-Away Demolition Corp. (hereinafter Break-Away), Break-Away was required to obtain a comprehensive general liability policy naming Construction Associates as an additional insured. Break-Away obtained a policy from Homestead Insurance Company (hereinafter Homestead) in which Construction Associates was listed as an additional insured. However, after this action and third-party action were commenced, Homestead took the position that coverage was limited in certain respects. The Supreme Court granted Construction Associates' motion for summary judgment on what Construction Associates alleged was its "claim"

that Break-Away had breached its contractual obligation to obtain the specified insurance coverage for Construction Associates, although a copy of the purported cross claim was not submitted on the motion (*see,* CPLR 3212 [b]).

Subsequent to the perfection of this appeal, the case was settled by Homestead. Homestead has also agreed to pay 50% of the defense costs incurred by Construction Associates. Consequently, the only issue which remains on this appeal is whether Break-Away is liable for the balance of the attorney's fees and costs incurred by Construction Associates. The Supreme Court erred in granting summary judgment on that issue in favor of Construction Associates. Construction Associates failed to demonstrate, as a matter of law, that the policy obtained by Break-Away did not provide coverage for the attorney's fees and costs which Construction Associates seeks. The fact that Homestead refused to fully reimburse Construction Associates does not prove that the policy does not require full reimbursement. Consequently, Construction Associates did not establish that Break-Away breached its contractual obligation by failing to procure the proper coverage.

Further, we note that it is unclear whether Construction Associates ever pleaded a cause of action to recover damages for breach of contract against Break-Away as there is no copy of such a pleading in the record. This omission provides an additional ground for denying Construction Associates this relief. Bracken, J. P., Ritter, Copertino, Santucci and Altman, JJ., concur.