■ ESTHER BAER et al., Appellants, v GREAT ATLANTIC & PACIFIC TEA CO., INC., Doing Business as WALDBAUMS, INC., Respondent. [696 NYS2d 58] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Rappaport, J.), dated July 30, 1998, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The injured plaintiff seeks to recover damages for injuries allegedly sustained when she slipped and fell on a liquid substance on the floor of a store owned by the defendant. The Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. The injured plaintiff failed to show either that the defendant created or had actual or constructive notice of the condition which alleg-

edly caused her to fall (*see, Gordon v American Museum of Natural History,* 67 NY2d 836, 837; *Masotti v Waldbaums Supermarket,* 227 AD2d 532; *Hollinger v Chestnut Ridge Racquet Corp.,* 227 AD2d 380).

The injured plaintiff contends that because she slipped in front of the bottle redemption area and had on prior occasions seen liquid drip out of bottles being redeemed by customers, the liquid upon which she slipped must have come from such a bottle. The injured plaintiff's assertions that the unidentified liquid upon which she slipped came from a bottle being redeemed is speculative and unsupported by any evidence in the record (*see, Freeman v Rock-Hil-Uris, Inc.,* 30 NY2d 742, 743; *Gernard v Agosti,* 228 AD2d 994; *Schwartz v Mittleman,* 220 AD2d 656; *Melton v E.P.S. Hair Design,* 202 AD2d 649; *Kanarskee v Pergament Distribs.,* 201 AD2d 704; *Eddy v Tops Friendly Mkts.,* 91 AD2d 1203, *affd* 59 NY2d 692). S. Miller, J. P., Sullivan, Friedmann and Feuerstein, JJ., concur.