■ PHILLIP J. OROSZ, as Administrator of the Estate of FRANCES I. OROSZ, Deceased, et al., Appellants, v COUNTY OF SUFFOLK et al., Defendants, and TOWN OF BROOKHAVEN et al., Respondents. [719 NYS2d 683] —In an action to recover damages for personal injuries and wrongful death, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Gerard, J.), dated October 18, 1999, as granted the motion of the defendant Town of Brookhaven and those branches of the separate motion of the defendant Hinck Electric Contractor, Inc., which were for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiffs allegedly sustained damages as a result of a collision that occurred at an intersection when an east-bound vehicle driven by the decedent, Frances Irene Orosz, in which the plaintiff Leida Orosz was a passenger, came into contact with a south-bound vehicle driven by the defendant Gabriel Melendez. Based on allegations that each vehicle was in the intersection at the same time with a favorable traffic signal (*see,* Vehicle and Traffic Law § 1111), the plaintiffs alleged that a proximate cause of the accident was a "defective, broken and improperly set and/or timed" traffic light.

The plaintiffs commenced this action against, *inter alia,* the County of Suffolk (hereinafter the County), which owns the traffic light at issue and was responsible for its sequencing and timing, the defendant Town of Brookhaven (hereinafter the Town), which had an agreement with the County to maintain the light, and the defendant Hinck Electric Contractor, Inc. (hereinafter Hinck), which contracted with the Town to perform preventative maintenance, periodic inspections, and repairs to the traffic light. After issue was joined, Hinck moved and the Town separately moved, *inter alia,* for summary judgment dismissing the complaint insofar as asserted against them. Hinck proffered an affidavit by its project manager that he examined Hinck's records for the year before the subject accident and they revealed that no repair or maintenance work had been requested or performed on the subject traffic light during that period. The Town proffered an affidavit by a traffic engineer employed by the Department of Traffic Safety that she had examined various records (which were appended to the Town's motion papers) concerning the traffic light, which revealed that the light was inspected approximately five months before and 19 days after the subject accident and was

found to be in proper working order and operating according to the sequencing and timing specifications provided by the County.

We agree with the Supreme Court that these affidavits were sufficient to establish, prima facie, the respondents' entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them (*see, Gordon v American Museum of Natural History,* 67 NY2d 836; *Zuckerman v City of New York,* 49 NY2d 557). Further, we agree that, in opposition, the plaintiffs failed to raise a triable issue of fact as to the negligence of either respondent (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320). Indeed, although the plaintiffs raised a question of fact as to whether a proximate cause of the accident was the improper sequencing and timing of the traffic light, as noted by the Supreme Court, it was not disputed that the County was responsible for establishing the specifications for the sequencing and timing of the traffic light. Finally, the plaintiffs' contention that summary judgment was premature because of outstanding discovery is without merit (*see, Romeo v City of New York,* 261 AD2d 379). Ritter, J. P., Friedmann, H. Miller and Smith, JJ., concur.