■ ELIZABETH CUSACK, Appellant-Respondent, v WALDBAUM, INC., Respondent, and GLOSS BOSS MAINTENANCE, INC., Respondent-Appellant. [736 NYS2d 687] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County, (O'Connell, J.), dated October 6, 2000, as granted that branch of the motion of the defendant Waldbaum, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it, and the defendant Gloss Boss Maintenance, Inc., cross-appeals, as limited by its brief, from so much of the same order as denied its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the order is reversed insofar as cross-appealed from, on the law, the cross motion is granted, and the complaint and all cross claims insofar as asserted against the defendant Gloss Boss Maintenance, Inc., are dismissed; and it is further,

Ordered that the defendants are awarded one bill of costs.

The plaintiff, Elizabeth Cusack, sustained injuries when she slipped and fell while walking through the entrance door of a supermarket owned by the defendant Waldbaum, Inc. (hereinafter Waldbaum). Before this occurrence, the defendant Gloss Boss Maintenance, Inc. (hereinafter Gloss Boss) cleaned the supermarket floor pursuant to an oral contract with Waldbaum. Thereafter, the plaintiff commenced this action against Waldbaum and Gloss Boss.

"On a motion for summary judgment to dismiss the complaint based upon lack of notice, the defendant is required to make a prima facie showing affirmatively establishing the absence of notice as a matter of law" (*Goldman v Waldbaum, Inc.,* 248 AD2d 436, 437). Here, in support of its motion for summary judgment, Waldbaum made a prima facie showing of entitlement to judgment by demonstrating that it did not have notice of the alleged slippery condition which caused the plaintiff to fall. In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted Waldbaum's motion for summary judgment (*see, Baer v Great Atl. & Pac. Tea Co.,* 264 AD2d 791).

However, the Supreme Court improperly denied the cross motion of Gloss Boss for summary judgment because the contract between Gloss Boss and Waldbaum did not constitute a comprehensive and exclusive property maintenance obligation which the parties could have reasonably expected to displace Waldbaum's duty as a landowner to safely maintain the property (*see, Sapone v Commercial Bldg. Maintenance Corp.,* 262 AD2d 393; *Agbi v York Intl. Corp.,* 249 AD2d 430; *cf., Palka v Servicemaster Mgt. Servs. Corp.,* 83 NY2d 579, 587-588). As such, Gloss Boss did not assume a duty to the plaintiff (*see, Sapone v Commercial Bldg. Maintenance Corp., supra*). Florio, J.P., McGinity, Luciano and Schmidt, JJ., concur.