■ MARIA RIVAS, Plaintiff, v 525 BUILDING Co., LLC, et al., Defendants and Third-Party Plaintiffs-Respondents. GOLDEN MARK MAINTENANCE LTD., Third-Party Defendant-Appellant. [742 NYS2d 83] —In an action to recover damages for personal injuries, the third-party defendant appeals from an order of the Supreme Court, Kings County (Hall, J.), dated November 19, 2001, which denied its motion for summary judgment dismissing the third-party complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was for summary judgment dismissing the first cause of action of the third-party complaint and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs to the appellant.

On December 31, 1997, at approximately 8:15 A.M., the plaintiff slipped and fell, allegedly as the result of an accumulation of water in a bathroom located on the ninth floor of a building owned by the defendant third-party plaintiff 525 Building Co., LLC (hereinafter 525), and operated by the defendant third-party plaintiff Olmstead Properties, Inc. The third-party defendant, Golden Mark Maintenance, Ltd. (hereinafter Golden Mark), contracted to perform janitorial services in the building. The third-party complaint alleged in its first cause of action that the plaintiff's accident was due to "the negligent maintenance of the [bathroom] pursuant to the agreement" and al-

leged in its second cause of action that Golden Mark must indemnify or "hold harmless" the third-party plaintiff pursuant to the contract.

According to Golden Mark's vice-president, pursuant to the maintenance contract, Golden Mark employees cleaned the bathrooms nightly. 525's representative acknowledged during his deposition that Golden Mark was not obligated to clean the bathrooms during the day except upon specific request. 525's witness also testified that the superintendent of the building was responsible for maintaining the bathrooms, including sinks and toilets. Further, he testified that, immediately after the accident, he inspected the area, and found nothing "out of the ordinary," thus implying that whatever accumulation of water the plaintiff had slipped on was minimal. The plaintiff asserted, in an affidavit, that she gave notice of a watery condition in the bathroom in late October or early November 1997 to the superintendent of the building, an employee of the building owner.

Golden Mark's motion for summary judgment dismissing the third-party complaint was not supported by a copy of the contract between it and the defendants. Moreover, counsel's affirmation in support of the motion did not address the scope of the alleged "hold harmless" clause, as alleged in the second cause of action set forth in the third-party complaint, or its enforceability. Under these circumstances, Golden Mark did not meet its burden of demonstrating its right to summary judgment in the first instance with respect to the second cause of action, and so much of the order as denied summary judgment as to that cause of action therefore should be affirmed.

With respect to the first cause of action contained in the third-party complaint, Golden Mark was entitled to summary judgment, irrespective of whether the maintenance contract is "comprehensive and exclusive" within the meaning of the rule of *Palka v Servicemaster Mgt. Servs. Corp.* (83 NY2d 579, 588; *see also Engel v Eichler*, 290 AD2d 477; *Cusack v Waldbaum, Inc.*, 290 AD2d 474; *Mitchell v Fiorini Landscape*, 284 AD2d 313; *Murphy v M.B. Real Estate Dev. Corp.*, 280 AD2d 457; *Pavlovich v Wade Assoc.*, 274 AD2d 382; *McBride v Stewart's Ice Cream Co.*, 262 AD2d 776), or whether the contract is more limited. In either case, Golden Mark is entitled to summary judgment in light of the fact that, in response to a prima facie showing of a right to judgment as a matter of law, the opponents of its motion produced no evidence demonstrating an issue of fact as to whether Golden Mark failed to perform or negligently performed its contract, or as to whether Golden

Mark created the condition in question, or had actual or constructive notice of it (*see Gordon v American Museum of Natural History,* 67 NY2d 836; *Piacquadio v Recine Realty Corp.,* 84 NY2d 967; *Engel v Eichler, supra; Murphy v M.B. Real Estate Dev. Corp., supra*). Golden Mark was thus entitled to summary judgment dismissing the first cause of action contained in the third-party complaint.

We do not agree with the Supreme Court that summary judgment was unwarranted due to the allegedly incomplete status of pretrial discovery (*see e.g. Hampton Living v Carltun on the Park,* 286 AD2d 664; *Orosz v County of Suffolk,* 279 AD2d 558; *Romeo v City of New York,* 261 AD2d 379). There is no proof of an outstanding discovery demand which, if complied with, might reveal information exclusively within Golden Mark's knowledge upon which Golden Mark's motion could successfully be opposed. Prudenti, P.J., Feuerstein, Friedmann and H. Miller, JJ., concur.