CAIN I. RIVERA et al., Respondents, v CARMELO CICERO et al., Appellants. [743 NYS2d 281] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Queens County (Polizzi, J.), dated March 1, 2001, which denied their motion pursuant to CPLR 3212 for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The infant plaintiff, then two years old, was allegedly burned by hot water in a bathroom sink while he and his mother were visiting an apartment in the defendants' building. During the night, the infant's mother was awakened, entered the bathroom and observed the infant sitting on the floor holding his burned feet. Subsequently, she also observed approximately an inch of water in the sink, steam on the mirror, and the infant's hand prints on the mirror above the sink.

The infant plaintiff and his mother commenced this action alleging, inter alia, that the defendants were negligent in failing to properly regulate the maximum temperature of the water. They contended that the accident occurred when the infant climbed onto the bathroom sink and turned on the hot water. The Supreme Court denied the defendants' motion for summary judgment, holding that the issue of proximate cause was a question of fact for the jury to determine. We disagree.

There is no proof that the defendants' alleged negligence in supplying excessively hot water to the apartment was a proximate cause of the infant's injuries. On the record here, there was no proof introduced as to how the accident happened. The plaintiffs' scenario is sheer speculation. O'Brien, J.P., Friedmann, H. Miller and Crane, JJ., concur.