■ CHRISTOPHER ALI et al., Appellants, v LONG ISLAND RAIL ROAD, Respondent, et al., Defendants. [752 NYS2d 66] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Phelan, J.), entered August 28, 2001, as, upon reargument, adhered to the original determination in an order of the same court, entered March 29, 2001, granting the motion of the defendant Long Island Rail Road for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Christopher Ali was injured when he was hit by a car while attempting to cross Stewart Avenue near the Beth-

page station of the Long Island Rail Road (hereinafter the LIRR). The plaintiffs subsequently commenced this action against several parties, including Robert Yaniro, who was the driver of the car which struck Ali, and the LIRR. The plaintiffs allege that the LIRR contributed to the accident by paving over certain roadway markings within its right-of-way at the Stewart Avenue grade crossing, so that the markings no longer came up completely flush to the railroad tracks.

Contrary to the plaintiffs' contention, on reargument, the Supreme Court properly adhered to its prior determination awarding summary judgment to the LIRR. The LIRR sustained its initial burden of demonstrating its entitlement to summary judgment by submitting, inter alia, evidence that the accident did not occur within its right-of-way. The LIRR also submitted the deposition testimony of Robert Yaniro, which indicated that he had a clear view of the roadway markings in the vicinity of the accident site.

In opposition to the motion for summary judgment, the plaintiffs relied upon the affidavit of a professional engineer, who opined that by paving over the roadway markings immediately to the south and north of the Stewart Avenue railroad tracks, the LIRR created guidance problems which caused northbound drivers such as the defendant Yaniro to become confused as to their proper lane of travel after crossing the tracks. However, the expert did not offer any foundational facts to support his assertion that the break in roadway markings confused northbound drivers, and his speculative opinion that such confusion contributed to the accident is contradicted by Yaniro's deposition testimony. Under these circumstances, the Supreme Court properly concluded that the affidavit of the plaintiffs' expert was insufficient to raise an issue of fact as to whether the LIRR's alleged negligence was a proximate cause of the accident (*see Leggio v Gearhart,* 294 AD2d 543, 544; *Samuel v Aroneau,* 270 AD2d 474, 475; *Levitt v County of Suffolk,* 145 AD2d 414, 415).

The plaintiffs' remaining contentions are without merit. Santucci, J.P., Krausman, Crane and Mastro, JJ., concur.