■ CAROLYN A. GERENA, Plaintiff, v TOWN OF BROOKHAVEN et al., Defendants. (And Third-Party Actions.) (Action No. 1.) CAROLYN A. GERENA, Respondent, v THOMAS H. GANNON & SON, INC., Appellant. (Action No. 2.) [761 NYS2d 331] —In related actions to recover damages for personal injuries, Thomas H. Gannon & Son, Inc., appeals from so much of an order of the Supreme Court, Suffolk County (Pitts, J.), dated September 25, 2002, as denied that branch of its motion which was for summary judgment dismissing the complaint in Action No. 2.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was for summary judgment dismissing the complaint in Action No. 2 is granted, and the complaint in Action No. 2 is dismissed.

The plaintiff in Action No. 2 alleges that on December 14, 1995, she sustained injuries when she slipped on a patch of ice that accumulated in an indentation in the concrete on a public street near the end of the driveway that leads to 15 Pitch Pine Place, Medford, New York. The street is maintained by the Town of Brookhaven. Pursuant to a contract with the Town, Thomas H. Gannon & Son, Inc. (hereinafter Gannon & Son), had microsurfaced the street in question in or around August 1994.

Gannon & Son moved for summary judgment and met its initial burden establishing that it did not create the condition which caused the accident by showing that, 1½ years before the incident, (1) it only was hired to apply a thin resurfacing material to the subject street, and not to do anything else, and (2) it applied the microsurfacing material and checked the work when it was completed. In response, the plaintiff offered only speculation (*see Rivera v Cicero*, 294 AD2d 554 [2002]).

Accordingly, in the absence of any triable issues of fact, the Supreme Court should have granted that branch of the motion which was for summary judgment dismissing the complaint in Action No. 2. Feuerstein, J.P., Schmidt, Mastro and Rivera, JJ., concur.