■ Lawrence Lithgow, Appellant, v London Park Realty Corp. et al., Defendants and Third-Party Plaintiffs-Respondents, and D&D Elevator Maintenance, Inc., Respondent. Creative Ideas Furniture Corp., Third-Party Defendant-Respondent. [776 NYS2d 586]—

In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Nastasi, J.), entered April 1, 2003, which granted the motion of the defendants London Park Realty Corp. and Albert London, and the separate motion of the defendant D&D Elevator Maintenance, Inc., for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the motion of the defendants London Park Realty Corp. and Albert London and substituting therefor a provision denying that motion; as so modified, the order is affirmed, with one bill of costs to the defendant D&D Elevator Maintenance, Inc., payable by the plaintiff, and the complaint is reinstated insofar as asserted against the defendants London Park Realty Corp. and Albert London.

The plaintiff was injured when he fell down an elevator shaftway of a building owned by the defendants London Park Realty Corp. and Albert London (hereinafter the property owners). The defendant D&D Elevator Maintenance, Inc. (hereinafter D&D) contracted with the property owners to repair and maintain the subject elevator. The property owners and D&D separately moved for summary judgment dismissing the complaint insofar as asserted against them, and the Supreme Court granted both motions.

Contrary to the plaintiff's contention, D&D established its prima facie entitlement to summary judgment by demonstrating that the subject maintenance agreement was not a comprehensive maintenance obligation which displaced the property owners' duty to safely maintain the premises (see *Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579, 588 [1994]; *Schmidt v Promaster Cleaning Serv.*, 281 AD2d 468 [2001]; *Riekers v Gold Coast Plaza*, 255 AD2d 373, 374 [1998]).

D&D further demonstrated its prima facie entitlement to summary judgment by establishing that it did not fail to perform or negligently perform under the terms of the contract (see *Rivas v 525 Bldg. Co.*, 293 AD2d 733 [2002]). In opposition, the plaintiff failed to raise a triable issue of fact. As such, the

Supreme Court properly granted the motion of D&D for summary judgment.

However, the Supreme Court erred in granting the motion of the property owners. Under the circumstances of this case, there are triable issues of fact as to whether the property owners exercised reasonable care to remedy the allegedly dangerous condition.

The plaintiff's remaining contentions are without merit. Ritter, J.P., Krausman, Luciano and Cozier, JJ., concur.