■ JACKLYN SIKDER et al., Appellants, v ZONIA CERRITOS et al., Defendants and Third-Party Plaintiffs-Respondents. OTSEGO MUTUAL FIRE INSURANCE COMPANY, Third-Party Defendant-Respondent. [794 NYS2d 908]—

In an action to recover damages for wrongful death, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Dollard, J.), dated September 10, 2003, as granted the defendants' motion for summary judgment dismissing the complaint, and granted that branch of the third-party defendant's separate motion which

was for a declaration that Zonia Cerritos is not an insured entitled to coverage under Rigoberto Bonilla's homeowners insurance policy.

Ordered that the appeal from so much of the order as granted that branch of the third-party defendant's separate motion which was for a declaration that Zonia Cerritos is not an insured, is dismissed as academic; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendants and the third-party defendant appearing separately and filing separate briefs.

No proof was introduced as to how the infant plaintiff's injuries occurred. Any theory that a negligent act or omission by the defendants caused the infant plaintiff's injuries resulting in her death would be sheer speculation (*see Rivera v Cicero,* 294 AD2d 554 [2002]). Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.

In light of this determination, the plaintiffs' contention that Otsego Mutual Fire Insurance Company is obligated to defend and indemnify the defendant Zonia Cerritos has been rendered academic. Adams, J.P., S. Miller, Crane and Mastro, JJ., concur.