■ ANTHONY B. DIVONA et al., Respondents, v DAVID J. WAHLFELD et al., Respondents, COUNTY OF SUFFOLK, Respondent-Appellant, and HINCK ELECTRICAL CONTRACTORS, INC., Appellant-Respondent. (Action No. 1.) ANTHONY B. DIVONA et al., Respondents, v TOWN OF BROOKHAVEN, Defendant and Third-Party Plaintiff-Respondent-Appellant. HINCK ELECTRICAL CONTRACTORS, INC., Third-Party Defendant-Appellant-Respondent. (Action No. 2.) DAVID J. WAHLFELD et al., Plaintiffs, v ANTHONY B. DIVONA et al., Defendants and Third-Party Plaintiffs-Respondents. COUNTY OF SUFFOLK et al., Third-Party Defendants-Respondents-Appellants; HINCK ELECTRICAL CONTRACTORS, INC., Third-Party Defendant-Appellant-Respondent. (Action No. 3.) [826 NYS2d 635]—

In three related actions, inter alia, to recover damages for wrongful death, (a) Hinck Electrical Contractors, Inc., a defendant in action No. 1 and a third-party defendant in action Nos. 2 and 3, appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated June 30, 2005, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it in all three actions, and granted that branch of the cross motion of the Town of Brookhaven, the defendant third-party plaintiff in action No. 2 and a third-party defendant in action No. 3, which was for summary judgment on its third-party claim for reimbursement of defense costs against it in action No. 2, (b) the Town of Brookhaven separately appeals, as limited by its brief, from so much of the same order as denied those branches of its cross motion which were for summary judgment dismissing the complaint and all cross claims insofar as asserted against it in action Nos. 2 and 3, and for summary judgment on its third-party claim for contractual and common-law indemnification against the defendant third-party defendant in action No. 2, and (c) the County of Suffolk, a defendant in action No. 1 and a third-party defendant in action No. 3 separately appeals, as limited by its brief, from so much of the same order as denied its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it in action Nos. 2 and 3.

Ordered that the order is reversed, on the law, with one bill of costs to Hinck Electrical Contractors, Inc., the Town of Brookhaven, and the County of Suffolk payable by the appellants, the motion of Hinck Electrical Contractors, Inc., which was for summary judgment dismissing the complaint in action No. 1 and all cross claims insofar as asserted against it in action Nos. 2 and 3, is granted, that branch of the cross motion of the Town of Brookhaven which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it in action Nos. 2 and 3 is granted, those branches of the cross motion of the defendant third-party plaintiff Town of Brookhaven which were for summary judgment on its third-party claims for indemnification and reimbursement of defense costs in action No. 2 are denied as academic, and the cross motion of the County of Suffolk for summary judgment dismissing the complaint and all cross claims insofar as asserted against it in action Nos. 1 and 3 is granted.

On May 4, 2000 Lucille DiVona (hereinafter the decedent) was killed when the vehicle she was driving was struck by an oncoming vehicle as she attempted to turn left at an intersec-

tion against a red left-turn signal. The plaintiffs in action Nos. 1 and 2 alleged that the traffic signals at the intersection were improperly placed, and in opposition to the cross motions, they submitted the affidavit of an expert who attested that the improper placement of traffic signals misled the decedent to believe that the left-turn signal was green when she proceeded into the intersection.

The Town of Brookhaven and Hinck Electrical Contractors, Inc. (hereinafter Hinck), established their prima facie entitlement to judgment as a matter of law by establishing that they were not responsible for determining the placement of traffic signals at the intersection, which was the sole responsibility of the County of Suffolk (*see Orosz v County of Suffolk,* 279 AD2d 558 [2001]). In opposition, the plaintiffs failed to raise a triable issue of fact as to the responsibility of either Hinck or the Town to determine the placement of traffic signals. Furthermore, Hinck did not assume a duty to the general public by contracting with the Town to maintain the traffic signals (*see Torres v City of New York,* 298 AD2d 318 [2002]). Therefore, the Supreme Court erred in denying summary judgment dismissing the complaint and any cross claims insofar as asserted against Hinck and the Town.

Additionally, the Supreme Court should have granted the County's cross motion for summary judgment dismissing the complaint and any cross claims insofar as asserted against it. While the plaintiffs claim that the accident would not have occurred if the traffic signals had been placed properly, "this is precisely the type of 'but for' analysis that has been rejected as a basis for liability" (*Bisceglia v International Bus. Machs.,* 287 AD2d 674, 675 [2001], quoting *Hersman v Hadley,* 235 AD2d 714, 718 [1997]). Since there is no evidence as to what caused the accident, the conclusion of the plaintiffs' expert that the accident was caused by improperly placed traffic signals was speculative and conclusory (*see Ali v Long Is. R.R.,* 300 AD2d 264 [2002]; *Bisceglia v International Bus. Machs., supra*).

In light of the dismissal of the complaint insofar as asserted against the Town, the Town's contention that Hinck is obligated to defend and indemnify it has been rendered academic (*see Sikder v Cerritos,* 18 AD3d 643 [2005]). Furthermore, the Supreme Court erred in finding that Hinck was obligated to reimburse the Town for its defense costs, as Hinck satisfied its contractual obligation of obtaining an "owners and contractors protective liability" insurance policy naming the Town as insured (*see Binasco v Break-Away Demolition Corp.,* 256 AD2d 373 [1998]; *Garcia v Great Atl. & Pac. Tea Co.,* 231 AD2d 401 [1996]).

In light of our determination, we need not reach the parties' remaining contentions. Schmidt, J.P., Adams, Santucci and Lifson, JJ., concur.