■ JUSTIN NIEVES et al., Respondents, v JHH TRANSPORT, LLC, Doing Business as LIFECARE TRANSPORT, et al., Appellants, and STACY D. JALOZA et al., Respondents. [836 NYS2d 697]—

In an action to recover damages for personal injuries, etc., the defendants JHH Transport, LLC, doing business as Lifecare Transport, and Robert Dean appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Polizzi, J.), entered November 23, 2005, as granted that branch of the motion of the defendants Stacy D. Jaloza and Lee J. Jaloza which was for summary judgment dismissing the cross claims they asserted against those defendants and granted the plaintiffs' cross motion for summary judgment against them on the issue of liability.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

"[A] rear-end collision with a stopped vehicle creates a prima facie case of negligence with respect to the operator of the moving vehicle and imposes a duty on the operator of the moving vehicle to rebut the inference of negligence by providing a non-negligent explanation for the collision" (*Carhuayano v J&R Hacking*, 28 AD3d 413, 414 [2006]; *see Gregson v Terry*, 35 AD3d 358, 361 [2006]; *Shamah v Richmond County Ambulance Serv.*, 279 AD2d 564, 565 [2001]; *Barile v Lazzarini*, 222 AD2d 635, 636 [1995]).

In opposition to the prima facie demonstration by the respective movants of their entitlement to judgment as a matter of law, the appellants failed to proffer sufficient evidence to rebut the inference of their own negligence and to raise a triable issue of fact in this regard (*see Rainford v Sung S. Han*, 18 AD3d 638, 639 [2005]; *Vecchio v Hildebrand*, 304 AD2d 749, 750 [2003]). The affidavit of the defendant Robert Dean, submitted in opposition to the motion and cross motion, contradicted the admission made by Dean immediately following the accident and contained in the police accident report and his prior deposition testimony that his vehicle struck the rear end of the plaintiffs' vehicle, thereby raising only feigned issues of fact intended solely to avoid the consequences of his prior admissions (*see Central Irrigation Supply v Putnam Country Club Assoc., LLC*, 27 AD3d 684 [2006]; *Ruck v Levittown Norse Assoc., LLC*, 27 AD3d 444, 445 [2006]; *Abramov v Miral Corp.*, 24 AD3d 397 [2005]; *Nichilo v B.F.N. Realty Assoc., Inc.*, 19 AD3d 666, 667 [2005]; *Arbusto v Amerada Hess Corp.*, 16 AD3d 527, 528 [2005]; *Moody v New York City Bd. of Educ.*, 8 AD3d 639, 640

[2004]). The additional affidavit of John Graziano, the driver of another vehicle involved in the accident, was likewise insufficient to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted that branch of the motion of the defendants Stacy D. Jaloza and Lee J. Jaloza which was for summary judgment dismissing the cross claims asserted by the appellants against them and properly granted the plaintiffs' cross motion for summary judgment against the appellants on the issue of liability. Spolzino, J.P., Florio, Skelos and McCarthy, JJ., concur.