■ ALLSTATE INSURANCE COMPANY, as Subrogee of KARIN MILLER, Respondent, v FARAH B. BADER et al., Appellants. [868 NYS2d 918]—

On March 30, 2006 a vehicle driven by the defendant Farah B. Bader and owned by the defendant Saleem Motors and Co. (hereinafter together the defendants) hit a vehicle driven by the plaintiff's subrogor Karin Miller in the rear on an exit ramp from the Taconic State Parkway to Route 202, in Westchester County. The Supreme Court granted the plaintiff's motion for summary judgment on the issue of liability, and we affirm.

"A rear-end collision with a stopped vehicle creates a prima facie case of negligence against the operator of the moving vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision" (*Kimyagarov v Nixon Taxi Corp.*, 45 AD3d 736 [2007]; *see Klopchin v Masri*, 45 AD3d 737 [2007]; *Nieves v JHH Transp., LLC*, 40 AD3d 1060 [2007]). In opposition to the plaintiff's demonstration of its prima facie entitlement to judgment as a matter of law, the defendants failed to proffer sufficient evidence to raise a triable issue of fact. Accordingly, summary judgment was properly awarded to the plaintiff on the issue of liability.

The defendants' remaining contention is without merit. Mastro, J.P., Florio, Eng and Chambers, JJ., concur.