■ TERRANCE MCCOY, Respondent, v QAMAR ZAMAN, Appellant. [886 NYS2d 916]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated October 24, 2008, which granted the plaintiff's motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

The evidence in the record establishes that, on the afternoon of December 7, 2007 a motor vehicle operated by the plaintiff on Prospect Park West in Brooklyn was struck from behind by a vehicle owned and operated by the defendant. After issue was joined in this matter, the plaintiff moved for summary judgment on the issue of liability.

A rear-end collision with a stopped or stopping vehicle creates a prima facie case of negligence with respect to the operator of the moving vehicle and imposes a duty on the operator of the moving vehicle to rebut the inference of negligence by providing

a non-negligent explanation for the collision (*see Nieves v JHH Transp., LLC*, 40 AD3d 1060 [2007]; *Velazquez v Denton Limo, Inc.*, 7 AD3d 787, 788 [2004]; *Barberena v Budd Enters.*, 299 AD2d 305, 306 [2002]).

In opposition to the prima facie demonstration by the plaintiff of his entitlement to judgment as a matter of law, the defendant failed to proffer sufficient evidence to raise a triable issue of fact (*see Nieves v JHH Transp., LLC*, 40 AD3d at 1060; *Rainford v Sung S. Han*, 18 AD3d 638, 639 [2005]). The defendant's affidavit submitted in opposition to the motion raised only feigned issues of fact intended solely to avoid the consequences of his prior admission (*see Nieves v JHH Transp., LLC*, 40 AD3d at 1060).

Contrary to the defendant's contention, summary judgment was not premature due to the alleged incompleteness of discovery (*see Rivas v 525 Bldg. Co.*, 293 AD2d 733, 735 [2002]). There was no indication that any outstanding discovery might reveal information exclusively within the plaintiff's knowledge upon which his motion could successfully be opposed (*see Household Bank [SB], N.A. v Mitchell*, 12 AD3d 568, 568-569 [2004]; *Rivas v 525 Bldg Co.*, 293 AD2d at 735).

Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the issue of liability. Skelos, J.P., Florio, Balkin and Leventhal, JJ., concur.