■ VILLAGE AUTO CENTER, INC., Appellant, v JILL S. HAIMSON et al., Respondents. [898 NYS2d 479]—

In an action, inter alia, to recover damages for professional malpractice and breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Woodard, J.), entered March 27, 2009, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendants established their prima facie entitlement to judgment as a matter of law based on a contractual provision limiting the plaintiff's damages to the fee for the subject project (i.e., $6,950) (*see Smith-Hoy v AMC Prop. Evaluations, Inc.*, 52 AD3d 809 [2008]; *Peluso v Tauscher Cronacher Professional Engrs.*, 270 AD2d 325 [2000]; *Gold Connection Discount Jewelers v American Dist. Tel. Co.*, 212 AD2d 577 [1995]). In addition, the defendants established, prima facie, that the defendant Jill S. Haimson was shielded from personal liability, as she acted at all times in her corporate capacity as the president and sole owner of Spectrum Coverage Corp., a corporation duly organized and existing under the laws of the State of New York, doing business under the trade name Preferred Environmental Services (*see AHA Sales, Inc. v Creative Bath Prods., Inc.*, 58 AD3d 6 [2008]).

In opposition, the plaintiff failed to raise a triable issue of fact as to the existence of circumstances that would render ineffectual the limitation of liability provision of the parties' contract (*see generally Mitthauer v T. Moriarty & Son, Inc.*, 69 AD3d 588 [2010]; *McCoy v Zaman*, 67 AD3d 653, 654 [2009]) or that would entitle it to pierce the corporate veil to impose personal liability on Haimson (*see Herman v Siegmund*, 102 AD2d 810 [1984]). Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Rivera, J.P., Angiolillo, Balkin and Leventhal, JJ., concur.