Bennett v Infante-Acosta (2024 NY Slip Op 50550(U))

[*1]

Bennett v Infante-Acosta

2024 NY Slip Op 50550(U)

Decided on May 10, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 10, 2024
Supreme Court, Kings County

Clement Bennett, Plaintiff,

against
Edward Infante-Acosta and Lux Credit Consultants LLC, Defendants.

Index No. 534315/2023

Aaron D. Maslow, J.

The following numbered papers were read on this motion: NYSCEF Document Numbers 7-17.
Upon the foregoing papers, and having heard oral argument and a decision having been rendered on the record in open court,[FN1]

It is hereby ORDERED as follows:
Plaintiff Clement Bennett seeks partial summary judgment on the issue of liability against Defendants Edward Infante-Acosta and Lux Credit Consultants, LLC. Plaintiff also seeks to strike affirmative defenses of comparative negligence, failure to wear a seatbelt, and emergency doctrine, and requests any other relief as deemed just and proper by the Court.
At approximately 7:20 P.M. on February 25, 2023, Plaintiff was stopped at a red light on the Nassau Expressway in Lawrence, New York. Plaintiff was stopped for approximately 15 seconds when he was struck in the rear by Defendant Infante-Acosta who was operating a vehicle owned by Lux Credit Consultants. Plaintiff supports his motion for partial summary judgment by submitting photographs of the accident within his affidavit of personal knowledge (see NYSCEF Doc No. 12), a certified police report (see NYSCEF Doc No. 9), and an attorney affirmation (see NYSCEF Doc No. 8). Defendant does not dispute that there was a hit in the rear.
Plaintiff argues that he was struck in the rear bumper on his driver's side. After the impact, Defendant Infante-Acosta came to his vehicle and apologized for the accident, stating [*2]that he was trying to speed past another vehicle in an effort to change lanes at the time he struck Plaintiff's vehicle. Plaintiff was wearing his seatbelt at the time of the collision and states that the weather was clear and dry. (See NYSCEF Doc No. 12 ¶¶ 11-15.)
Defendants argue that Plaintiff's motion should be denied in its entirety because the case is not ripe for review as discovery, including depositions, have not been conducted. Since Plaintiff's motion relies only on an affidavit, the matter should be assessed by a jury to determine Plaintiff's credibility, according to Defendants, citing to Salomone v Yellow Taxi Co (242 NY 251 [1926]), among other cases (see NYSCEF Doc No. 14 ¶¶ 5-6).
Plaintiff's motion for summary judgment on the issue of liability is GRANTED. Summary judgment is a drastic remedy that should be granted only if no triable issues of fact exist and the movant is entitled to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]; Andre v Pomeroy, 35 NY2d 361 [1974]). "[A] rear-end collision with a stopped vehicle creates a prima facie case of negligence with respect to the moving vehicle and imposes a duty on the operator of the moving vehicle to rebut the inference of negligence by providing a non-negligent explanation for the collision" (see Nieves v JHH Transp. LLC, 40 AD3d 1060 [2d Dept 2007]).
A driver approaching from the rear has an obligation to maintain a reasonably safe distance and speed to avoid colliding with another vehicle (see Vehicle and Traffic Law § 1129 [a]; Perez v Persad, 183 AD3d 771 [2d Dept 2020]); see also Nsiah-Ababio v Hunter, 78 AD3d 672 [2d Dept 2010]). Plaintiff establishes his prima facie entitlement through his affidavit which states that he was the operator of a vehicle which was stopped when it was hit in the rear by another vehicle. Defendant failed to proffer any non-negligent explanation for the collision and has not demonstrated any triable issue of fact on the issue of liability or comparative negligence. A party's hope and speculation that that evidence sufficient to defeat a summary judgment motion might be uncovered during discovery is an insufficient basis for denying the motion (see Brewster v Five Towns Health Care Realty Corp., 59 AD3d 483 [2d Dept 2009). A non-witness attorney's affirmation alone, such as that submitted by Defendants, does not substitute for one by the Defendant driver, who would have first-hand knowledge of the accident (see Browne v Castillo, 288 AD2d 415 [2d Dept 2001]).
Consequently, Plaintiff's motion is GRANTED, 100% liability is declared against Defendants, and Defendants' first, sixth, and seventh affirmative defenses are stricken.
E N T E R
Hon. Aaron D. Maslow
Justice of The Supreme Court

Footnotes

Footnote 1: The Court calls attention to the provisions requiring that an opinion or decision be included in the record on appeal should an appeal be taken (see CPLR 5526; 22 NYCRR 1250.7 [b] [4], [d] [1] [iii]). Transcripts may be procured from the court reporter (see Matter of Lewandowski v Office of Ct. Admin., 173 Misc 2d 335 [Sup Ct, Albany County 1997]).