revealed here, the imposition of costs is error. Under such circumstances, sections 1488, 1491 and 1520 of the Civil Practice Act are to be read in conjunction with and are limited by section 1493 of the Civil Practice Act. The orders appealed from are modified, on the law, by deleting therefrom the provision for payment of costs by the appellant, the stay is vacated, and otherwise dismissed and affirmed in accordance with this memorandum, without costs. Settle order. Concur — Botein, P. J., Breitel, McNally, Stevens and Bastow, JJ.

■ EDDIE ALKIRE, Doing Business as EDDIE ALKIRE PUBLICATIONS, Respondent, v. SESAC, INC., Appellant.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Botein, P. J., Breitel, Rabin, Frank and Bastow, JJ.

■ HERBERT LEVY, Plaintiff, v. J. N. WHIPPLE et al.; Defendants. SUSANNE L. ADLER, on Behalf of Herself and All Other Stockholders of WILLIAMS-McWILLIAMS INDUSTRIES, INC., Similarly Situated, Plaintiff, v. DAVID ADLER et al., Defendants. MURRAY HANDMAN, Plaintiff, v. WILFRED C. ALLAN et al., Defendants. W. HORACE WILLIAMS, JR., et al., Respondents, v. SINCLAIR ROBINSON et al., Appellants, et al., Defendants.— Order unanimously affirmed, with $20 costs and disbursements to the respondents. No opinion. Concur — Botein, P. J., Breitel, Rabin, Frank and Bastow, JJ.

■ RAY PROOF CORPORATION, Respondent v. BUFFALO GRAVEL CORPORATION, Appellant.— It is apparent here that there was no meeting of the minds, and assent is essential to consensual contracts. The minds of the parties should meet in respect to the nature and extent of the obligations assumed by each. While there was mutual understanding as to the subject matter, i.e., the material to be purchased, there was neither agreement nor understanding as to the price to be paid. To give rise to a contract, the acceptance must comply with the terms of the offer. A material variation or a conditional acceptance is, in effect, a new offer and a rejection of the original offer. The letter of November 20, 1956, after quoting a charge of $10 additional per ton for packaging the barytes in bags, a sum not contemplated or included in the order, which requested bagging of fine aggregates at a stated price per ton, asked that defendant issue "a change order, if you desire us to ship the fine aggregates in bags." We find there was no contract. The order appealed from is reversed on the law, the complaint dismissed, and summary judgment granted for the defendant, with $20 costs and disbursements to appellant. Concur — Botein, P. J., Frank, McNally, Stevens and Bastow, JJ.

■ DAVID WINKLER v. CHASE MANHATTAN BANK. — Motion for leave to appeal to the Court of Appeals denied, with $10 costs. Concur — Breitel, J. P., Rabin, McNally, Bergan and Bastow, JJ. [See 4 A D 2d 1033.]

■ EMANUEL TROPPER v. ARTHUR E. BYSSHE et al.— Motion for leave to appeal to the Court of Appeals granted. Settle order. Concur — Botein, P. J., Valente, McNally, Stevens and Bergan, JJ. [See ante, p. 762.]

■ MILDRED E. SENGSTACK v. JOHN F. SENGSTACK.— Motion for leave to appeal to the Court of Appeals granted. Settle order. Concur — Botein, P. J., Frank, Bergan and Bastow, JJ. [See 4 A D 2d 1035.]

■ MILTON MILLER et al. v. NEW YORK CITY OMNIBUS CORPORATION.— Motion for leave to reargue or, in the alternative, for leave to appeal to the Court of Appeals denied, with $10 costs. Concur — Botein, P. J., Breitel, Valente, Bergan and Bastow, JJ. [See 4 A D 2d 1020.]

■ JOSEPH S. WOHL v. BENJAMIN MILLER et al.— Motion for leave to reargue denied, with $10 costs. Concur — Breitel, J. P., Rabin, McNally, Bergan and Bastow, JJ. [See ante, p. 126.]