■ STEPHEN MANGIARACINA et al., Respondents, v MICHAEL ABATEMARCO, an Infant, by His Parents and Natural Guardians; et al., Defendants; CARL VIGLIAROLA, an Infant, by His Parents and Natural Guardians, FRANK VIGLI-AROLA et al., Appellants. — In an action to recover compensatory and punitive damages for personal injuries, defendant Jacob Koumbis, Jr. (sued herein as Jack Koombis, etc.) appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Graci, J.), dated April 6, 1981, as (1) denied his motion for an order (a) directing plaintiffs to attend and be deposed at a further examination before trial, (b) directing plaintiffs to produce the first names and addresses of witnesses to the occurrence, and (c) permitting him to serve a second amended answer and (2) denied his cross application to vacate plaintiffs' note of issue and statement of readiness. Defendants Vigliarola appeal, as limited by their brief, from so much of the same order as denied their cross motion for an order (1) directing plaintiffs to attend and be deposed at a further examination before trial, (2) directing the production of photographs of plaintiff Stephen Mangiaracina, and (3) directing plaintiffs to produce first names and addresses of witnesses to the occurrence in question. The appeals bring up for review so much of a further order of the same court,

dated June 17, 1981, as, upon granting reargument to defendants-appellants, adhered to its original determination. Appeals from order dated April 6, 1981 dismissed, without costs or disbursements. Said order was superseded by the order granting reargument. Appeal by Jacob Koumbis, Jr., from so much of the order dated June 17, 1981 as adhered to the determination denying his application to serve a second amended answer dismissed, without costs to disbursements. That relief was granted by order dated September 18, 1981 (Graci, J.). Order of June 17, 1981 otherwise modified by deleting so much of the order as, upon reargument, denied appellants' requests for a further examination before trial of plaintiffs, and the names and addresses of witnesses, and the Vigliarolas' request for photographs of plaintiff Stephen Mangiaracina, and adding thereto provisions (1) granting appellants leave to conduct a further examination before trial of plaintiffs solely with respect to the unanswered questions, (2) directing plaintiffs to produce the first and last names and exact addresses of witnesses, and (3) directing plaintiffs to produce photographs of plaintiff Stephen Mangiaracina to appellants Vigliarola, pursuant to their notice to produce dated October 15, 1980. As so modified, order affirmed insofar as reviewed, without costs or disbursements. The examination before trial shall proceed at a time and place to be fixed in a written notice of not less than 10 days, to be given by appellants, or at such other time and place as the parties may agree. The notice shall be served within five days after service upon appellants of a copy of the order to be made hereon, with notice of entry, and the examination shall be completed within 20 days after service of notice thereof by appellants. Plaintiffs shall furnish the names and addresses of witnesses and the photographs within 10 days after service upon them of a copy of the order to be made hereon, with notice of entry. Appellants are entitled to a further examination of plaintiffs with respect to the unanswered questions at the examination before trial (see *Watson v State of New York,* 53 AD2d 798, 799; *Freedco Prods. v New York Tel. Co.,* 47 AD2d 654). Moreover, appellants are entitled to the first names and exact addresses of witnesses (cf. *Foremost Ins. Co. v 3 Grace Ave.,* 58 AD2d 590). Furthermore, the photographs of the injuries sustained by plaintiff Stephen Mangiaracina, taken shortly after the incident in question, should be produced. Appellants Vigliarola requested such photographs by notice to produce dated October 15, 1980. Plaintiffs failed to timely move for a protective order pursuant to CPLR 3122 and at Special Term they failed to present any excuse for their failure to so move. For the first time on appeal, they argue that the photographs were prepared solely for litigation and therefore are immune from discovery. Under these circumstances, such photographs should be made available to appellants Vigliarola (cf. *Koump v Smith,* 25 NY2d 287, 294). Even though we find that further discovery proceedings are necessary, there is no need to strike the case from the Trial Calendar (see *Cohen v Heine & Co.,* 39 AD2d 563; 22 NYCRR Part 675). Damiani, J. P., Mangano, Weinstein and Bracken, JJ., concur.