■ GOLD CONNECTION DISCOUNT JEWELERS, INC., Respondent, v AMERICAN DISTRICT TELEGRAPH COMPANY, INC., Appellant, and MARION CHESTNUT, Respondent. [622 NYS2d 740] —In an action to recover damages, *inter alia,* for breach of contract and gross negligence, the defendant American District Telegraph Company, Inc., appeals from (1) so much of an order of the Supreme Court, Nassau County (Burke, J.), dated September 4, 1992, as denied those branches of its motion for summary judgment which were to dismiss the plaintiff's causes of action for breach of contract and gross negligence or to limit its liability under the contract, and (2) an order of the same court, dated August 23, 1993, which denied its motion to renew and *sua sponte* certified that the action was ready for trial.

Ordered that on the Court's own motion, the defendant's notice of appeal from the order dated August 23, 1993, is treated as an application for leave to appeal from so much of that order as *sua sponte* certified that the action was ready for trial, and leave to appeal is granted; and it is further,

Ordered that the order dated September 4, 1992, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated August 23, 1993, is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The defendant American District Telegraph Company, Inc. (hereinafter ADT) installed and maintained a burglar alarm system for the plaintiff's premises. Following the theft of items from its safe, the plaintiff commenced this action against ADT and one of its former employees, Marion Chestnut, to recover its losses. The plaintiff contended, *inter alia,* that Chestnut, who was dispatched to the premises in response to an alarm on the date of the burglary, was a participant in a conspiracy to commit the crime. ADT moved for summary judgment dismissing the complaint, or, for enforcement of the limitation on liability clauses in the contract. The court dismissed the plaintiff's causes of action based on conversion and ordinary negligence but denied ADT's motion with respect to the plaintiff's causes of action for breach of contract and gross negligence. ADT's subsequent motion to renew was denied.

The contract between the parties included clauses purporting to limit ADT's liability and to limit the plaintiff's recovery for losses to an agreed-upon sum. Although such clauses in commercial contracts are enforceable to limit recovery for claims based on ordinary negligence, they will not preclude recovery in tort or breach of contract where the losses are the result of gross negligence (see, Colnaghi, U.S.A. v Jewelers Protection Servs., 81 NY2d 821, 823; Sommer v Federal Signal Corp., 79 NY2d 540, 554). Gross negligence in this context is defined as "conduct that evinces a reckless disregard for the rights of others or 'smacks' of intentional wrongdoing" (Colnaghi, U.S.A. v Jewelers Protection Servs., supra, 81 NY2d, at 823-824; see also, Sommer v Federal Signal Corp., supra; Gutter Furs v Jewelers Protection Servs., 79 NY2d 1027).

In the amended complaint the plaintiff alleged that ADT was grossly negligent in the hiring and supervision of its employee Chestnut. ADT contends that the plaintiff cannot prevail on this theory as there was no evidence that it had notice of any criminal propensities on Chestnut's part (see, e.g., Detone v Bullit Courier Serv., 140 AD2d 278). The plaintiff's papers in opposition to the defendant's motion, however, included additional allegations of negligence with respect to ADT's response to the burglar alarm at the premises. A court may properly look beyond the allegations in the complaint and deny summary judgment where a party's papers in opposition to the motion raise triable issues of fact (see, Alvord & Swift v Muller Constr. Co., 46 NY2d 276, 281; Gee v Gee, 113 AD2d 736). These additional allegations present a triable issue of fact with respect to the plaintiff's claim of gross negligence. Accordingly, the court properly denied ADT's motion to dismiss the causes of action founded on breach of contract and gross negligence.

ADT contends that in the order dated August 23, 1993, the court erred in sua sponte certifying the matter as ready for trial because disclosure was not yet complete. We find that the contention that further discovery is necessary should be presented to the trial court as the record on appeal is insufficient to address this issue. In any event, we note that the filing of a note of issue and placement of the case on the trial calendar would not necessarily preclude ADT from conducting further discovery upon application to the trial court (see, e.g., Torres v New York City Tr. Auth., 192 AD2d 400; Knaus v Peschel, 111 AD2d 748; Mangiaracina v Abatemarco, 87 AD2d 585).

We have reviewed ADT's remaining contentions and find

them to be without merit. Miller, J. P., O'Brien, Santucci and Florio, JJ., concur.