■ Comsewogue Union Free School District, Appellant, v Allied-Trent Roofing Systems, Inc., et al., Defendants, and Marangos Construction Corp. et al., Respondents. (And a Third-Party Action.) [790 NYS2d 220]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals (1), as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Suffolk County (Oliver, J.), entered June 30, 2003, as granted those branches of the separate motions of the defendants Marangos Construction Corp. and Triple M Roofing which were for summary judgment dismissing the complaint insofar as asserted against them, and (2) from an order of the same court entered February 3, 2004, which denied its motion for leave to reargue and for leave to amend the complaint.

Ordered that the appeal from so much of the order entered February 3, 2004, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order entered June 30, 2003, is affirmed insofar as appealed from; and it is further,

Ordered that the order entered February 3, 2004, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

In 1989 the plaintiff Comsewogue Union Free School District (hereinafter the District) undertook a roof reconstruction project for five of its schools, hiring the respondents, Marangos Construction Corp. and Triple M Roofing Corp., to install the replacement roofs. After the roofs developed leaks and other problems, the District commenced this action in 1997 against the respondents and other defendants. The only cause of action asserted against the respondents was to recover damages for breach of contract, which, as the Supreme Court determined in granting the respondents' separate motions for summary judgment, was time-barred.

In opposition to the respondents' motions for summary judgment, the District contended that its submissions established an additional, unpleaded cause of action alleging breach of warranty which the Supreme Court was required to consider, citing *Alvord & Swift v Muller Constr. Co.* (46 NY2d 276, 280 [1978]) and its progeny. While modern practice permits a plaintiff to successfully oppose a motion for summary judgment by relying on an unpleaded cause of action which is supported by the plaintiff's submissions (*id.; see Gold Connection Discount Jewelers v American Dist. Tel. Co.*, 212 AD2d 577, 578 [1995]; *Ayala v V & O Press Co.*, 126 AD2d 229, 234 [1987]; Weinstein-Korn-Miller, NY Civ Prac ¶ 3212.10), in this case, the District's inexcusable delay in presenting the alternative cause of action six years after the action was commenced warranted the Supreme Court's rejection of the argument.

Moreover, the Supreme Court providently exercised its discretion in denying that branch of the District's subsequent motion which was for leave to amend its complaint to include the cause of action alleging breach of warranty, made after the action was certified as ready for trial and the District received a trial preference. Although leave to amend a pleading "shall be freely given" in the absence of surprise or prejudice (CPLR 3025 [b]), the determination whether to grant such leave is within the court's discretion, and the exercise of that discretion will not be lightly disturbed (*see Travelers Prop. Cas. v Powell*, 289 AD2d

564 [2001]). Further, when leave is sought on the eve of trial, judicial discretion should be exercised sparingly (*see Torres v Educational Alliance,* 300 AD2d 469 [2002]).

In view of the plaintiff's extended delay in moving for leave to serve an amended complaint, and the lack of a reasonable excuse for the delay in seeking that relief, the Supreme Court providently exercised its discretion in denying the plaintiff's motion for that relief on the ground of gross laches alone (*see Sewkarran v DeBellis,* 11 AD3d 445 [2004]; *Leonardi v City of New York,* 294 AD2d 408 [2002]; *Smith v Hercules Constr. Corp.,* 274 AD2d 467 [2000]).

The plaintiff's remaining contentions are without merit. Schmidt, J.P., Adams, Santucci and Skelos, JJ., concur.