■ MAINLINE ELECTRIC CORP., Appellant, v PAV-LAK INDUSTRIES, INC., et al., Respondents. [836 NYS2d 294]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Molia, J.), dated September 12, 2005, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendants established their prima facie entitlement to judgment as a matter of law dismissing the first and second causes of action by demonstrating that there was no meeting of the minds between the plaintiff and the defendant Pav-Lak Industries, Inc., regarding material elements of the alleged oral agreements (*see Miranco Contr., Inc. v Perel,* 29 AD3d 873 [2006]; *Computer Assoc. Intl., Inc. v U.S. Balloon Mfg. Co., Inc.,* 10 AD3d 699, 700 [2004]; *Ray Proof Corp. v Buffalo Gravel Corp.,* 5 AD2d 823 [1958]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]).

The Supreme Court properly refused to consider the plaintiff's unpleaded "third-party beneficiary" theory of liability as a basis for defeating summary judgment. Although a plaintiff may successfully oppose a motion for summary judgment by relying on an unpleaded cause of action which is supported by the plaintiff's submissions (*see Alvord & Swift v Muller Constr. Co.,* 46 NY2d 276, 281 [1978]; *Comsewogue Union Free School Dist. v Allied-Trent Roofing Sys., Inc.,* 15 AD3d 523, 524 [2005]; *Gold Connection Discount Jewelers v American Dist. Tel. Co.,* 212 AD2d 577, 578 [1995]), in this case, the plaintiff's inexcusable delay in presenting the alternative cause of action four years after the action was commenced warranted the Supreme Court's

rejection of this new theory of liability (*see Comsewogue Union Free School Dist. v Allied-Trent Roofing Sys., Inc., supra*).

The plaintiff's remaining contentions are without merit. Schmidt, J.P., Skelos, Lifson and Covello, JJ., concur.