■ JOSE PEREZ, Respondent, v CASSONE LEASING, INC., Defendant and Third-Party Plaintiff-Appellant. ATLANTIC PARA-TRANS, INC., Third-Party Defendant. (And Another Title.) [837 NYS2d 215]—

In an action to recover damages for personal injuries, the defendant and third-party plaintiff, Cassone Leasing, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Saitta, J.), dated December 6, 2005, as denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs payable by the respondent to the appellant, and the motion for summary judgment dismissing the complaint is granted.

On July 29, 2000, the plaintiff allegedly sustained personal injuries when a window in a trailer shattered as he was attempting to open it. In April 2001 the plaintiff commenced this action against the defendant and third-party plaintiff, Cassone Leasing, Inc. (hereinafter Cassone), which sold the trailer, to recover damages for personal injuries based upon negligence. The plaintiff's complaint and verified bill of particulars alleged that the accident was caused by the "carelessness, recklessness and negligence of the defendant."

At his deposition in February 2004 the plaintiff testified that he was injured when a window shattered as he held onto a metal rail attached to the metal frame of the window and attempted to slide the window open. He testified that he never had dif-

ficulty opening the window before. He claimed that the window did not move smoothly because it was not brand new.

By service of a notice of motion dated December 1, 2004, Cassone moved for summary judgment dismissing the complaint, alleging lack of actual or constructive notice of a defect. In response to the prima facie demonstration by Cassone of entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact with respect to negligence. Rather, the plaintiff asserted that "triable issues of fact exist as to whether defendant . . . as a seller of the trailer at issue is liable for the plaintiff's injuries under the rule of strict products liability" based upon a design defect. In an affidavit in support of this theory dated June 27, 2005, the plaintiff claimed that because the depth of the metal lip which he used to pull the window open was shallow, he had to put his hands on the glass, causing it to shatter.

While modern practice permits a plaintiff to successfully oppose a motion for summary judgment by relying on an unpleaded cause of action which is supported by the plaintiff's submissions (see *Alvord & Swift v Muller Constr. Co.*, 46 NY2d 276, 281 [1978]; *Comsewogue Union Free School Dist. v Allied-Trent Roofing Sys., Inc.*, 15 AD3d 523, 524 [2005]; *Gold Connection Discount Jewelers v American Dist. Tel. Co.*, 212 AD2d 577, 578 [1995]), in this case, the assertion of a cause of action sounding in strict products liability based upon a design defect was raised for the first time more than four years after the action was commenced and nearly five years after the accident occurred in response to the motion for summary judgment. Accordingly, the Supreme Court should have rejected this theory and granted the defendant's motion for summary judgment (see *Comsewogue Union Free School Dist. v Allied-Trent Roofing Sys., Inc.*, supra at 524). Crane, J.P., Krausman, Goldstein and Dillon, JJ., concur.