■ GABRIEL BARILA et al., Appellants, v COMPREHENSIVE PAIN CARE OF LONG ISLAND et al., Respondents. [844 NYS2d 103]—

In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated January 12, 2006, as granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging medical malpractice and loss of consortium.

Ordered that the order is affirmed insofar as appealed from, with costs.

"To establish a prima facie case of liability in a medical malpractice action, a plaintiff must prove (1) the standard of care in the locality where the treatment occurred, (2) that the defen-

dant breached that standard of care, and (3) that the breach of the standard was the proximate cause of injury" (*Berger v Becker*, 272 AD2d 565 [2000]; *see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). "Expert testimony is necessary to prove a deviation from accepted standards of medical care and to establish proximate cause unless the matter is one which is within the experience and observation of the ordinary juror" (*Lyons v McCauley*, 252 AD2d 516, 517 [1998], citing *Koehler v Schwartz*, 48 NY2d 807 [1979]).

Here, the plaintiff Gabriel Barila (hereinafter the plaintiff) alleged that he experienced paralysis in his left foot as a result of the defendants' malpractice in performing a lumbar facet joint block procedure on April 2, 2001. The purpose of the procedure was to relieve pain that the plaintiff had been experiencing in his lower back, radiating down through his left foot. The procedure consisted of four injections, each administered at four different points along the plaintiff's lower left spine.

The defendants established their prima facie entitlement to judgment as a matter of law by submitting the affirmation of an expert, who stated that if the injections had indeed caused the plaintiff's injury, then the plaintiff would have experienced symptoms immediately following the procedure, and would have experienced muscle atrophy in his left foot well within six months, neither of which occurred here.

The affirmation of the plaintiffs' expert, submitted in opposition, failed to contradict the defendants' expert on these issues. Moreover, the plaintiffs' expert's affirmation was conclusory, and therefore insufficient to raise a triable issue of fact (*see Keevan v Rifkin*, 41 AD3d 661, 662 [2007]; *Gargiulo v Geiss*, 40 AD3d 811, 812 [2007]). Therefore, the Supreme Court properly granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging medical malpractice and loss of consortium. Miller, J.P., Skelos, Covello and McCarthy, JJ., concur.