■ SAMANTHA SANDMANN, Respondent, v EVAN SHAPIRO et al., Appellants. [861 NYS2d 760]—

In an action to recover damages for medical malpractice, etc., the defendants appeal from so much of an order of the Supreme Court, Queens County (O'Donoghue, J.), dated July 12, 2007, as denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff alleged that the defendants departed from accepted practice by failing to admit her mother Nanette Sandmann for monitoring when she first reported to the hospital and by failing to perform a cesarean delivery, and that these departures caused the plaintiff's brain hemorrhage and other injuries.

"[O]n a motion for summary judgment, a defendant doctor has the initial burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby" (*Williams v Sahay*, 12 AD3d 366, 368 [2004]). In opposition, a plaintiff then "must submit material or evidentiary facts to rebut the physician's prima facie showing that he or she was not negligent in treating the plaintiff" (*DiMitri v Monsouri*, 302 AD2d 420, 421 [2003]).

The defendants met their initial burden, via the submission of expert affidavits, of establishing that their treatment of the plaintiff's mother did not depart from the accepted standard of obstetrical care and that the brain hemorrhage occurred in utero prior to labor. However, the plaintiff successfully rebutted the defendants' prima facie showing by submitting expert affidavits

which raised triable issues of fact as to whether the defendants' treatment departed from accepted medical practice and whether such departure proximately caused the plaintiff's injuries. The plaintiff's experts stated that the plaintiff's fetal heart monitoring strips, the mother's medical exams, and the mother's labor and delivery log indicated that she required admission for monitoring and ultimately a cesarean delivery, and they disagreed with the defendants' experts' opinion that the plaintiff's brain hemorrhage occurred prior to delivery.

"Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions" (*Bengston v Wang*, 41 AD3d 625, 626 [2007] [internal quotation marks omitted]). Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment. Fisher, J.P., Carni, McCarthy and Belen, JJ., concur.