■ Joseph Fischer, Appellant, v RWSP Realty, LLC, Doing Business as Prudential Rand Realty, et al., Respondents. [862 NYS2d 539]—

In an action, inter alia, to recover a real estate broker's commission, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Rockland County (Sherwood, J.), dated June 15, 2007, as denied those branches of his motion which were (1) pursuant to CPLR 3025 (b) for leave to amend the complaint, (2) pursuant to CPLR 4102 (e) for an extension of time to file a demand for a jury trial, and (3) pursuant to CPLR 602 (a) to consolidate this action with an action entitled *Fischer v RWS Realty, LLC,* which had been pending in the Supreme Court, Queens County, under index No. 16170/06, and to place venue in Queens County.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was for leave to amend the complaint, inter alia, to increase the ad damnum clause. Although leave to amend pleadings "shall be freely given" (CPLR 3025 [b]), where, as here, a motion for leave to amend is made long after the case has been certified as ready for trial, "judicial discretion in allowing such amendments should be discrete, circumspect, prudent and cautious" (*Clarkin v Staten Is. Univ. Hosp.,* 242 AD2d 552 [1997]; *see Morris v Queens Long Is. Med. Group, P.C.,* 49 AD3d 827 [2008]; *Trataros Constr., Inc. v New York City School Constr. Auth.,* 46 AD3d 874 [2007]; *Countrywide Funding Corp. v Reynolds,* 41 AD3d 524 [2007]). The court's exercise of discretion in determining such an application will not be lightly disturbed (*see Morris v Queens Long Is. Med. Group, P.C.,* 49 AD3d 827 [2008]; *Trataros Constr., Inc. v New York City School Constr. Auth.,* 46 AD3d 874 [2007]). Here, the note of issue certifying the action as ready for trial was filed on or about December 30, 2005. The plaintiff did not seek leave to amend his complaint until January 2007, offered no excuse for the delay in seeking the amendment, and did not establish that the proposed increase in his demand for damages was based upon new facts that only

recently came to his attention. Under these circumstances, we decline to disturb the Supreme Court's exercise of its discretion in denying leave to amend (*see Comsewogue Union Free School Dist. v Allied-Trent Roofing Sys., Inc.,* 15 AD3d 523, 524 [2005]).

The Supreme Court also properly denied the plaintiff's motion pursuant to CPLR 4102 (e) for an extension of time to file a demand for a jury trial. A motion for such relief must be based upon a factual showing that the earlier waiver of that right was the result of either inadvertence or other excusable conduct indicating a lack of intention to waive such a right (*see Sumba v Sampaio,* 44 AD3d 648 [2007]; *Hyatte v G.B.W. Glenwood Dental Adm'rs, Inc.,* 8 AD3d 233 [2004]; *Skelly v Sachem Cent. School Dist.,* 309 AD2d 917 [2003]; *Tarantino v City of New York,* 148 AD2d 601 [1989]). The plaintiff failed to make such a factual showing.

Finally, we reject the plaintiff's contention that the Supreme Court should have granted that branch of his motion which was to consolidate this action with an action entitled *Fischer v RWS Realty, LLC,* which had been pending in the Supreme Court, Queens County, under index No. 16170/06. The complaint in the Queens County action was dismissed before the court decided this branch of the plaintiff's motion, and thus there was no longer a pending action which could be consolidated with this action pursuant to CPLR 602 (a). Rivera, J.P., Lifson, Miller, Carni and Eng, JJ., concur.