■ Victoria Yousefi et al., Appellants, v Rudeth Realty, LLC, et al., Respondents. [877 NYS2d 132]—

In an action, inter alia, to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Westchester County (O. Bellantoni, J.), entered September 27, 2007, as granted that branch of the motion of the defendants Great Atlantic & Pacific Tea Company, Inc., and Rudeth Realty, LLC, which was for summary judgment dismissing the complaint insofar as asserted against them, and that branch of the cross motion of the defendant Georal International of New York, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it, and (2) so much of an order of the same court entered March 12, 2008, as, upon reargument, adhered to those portions of the original determination.

Ordered that the appeal from the order entered September

27, 2007 is dismissed, as that order was superseded by the order entered March 12, 2008, made upon reargument; and it is further,

Ordered that the order entered March 12, 2008 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The Supreme Court properly granted that branch of the motion of the defendants Great Atlantic & Pacific Tea Company, Inc. (hereinafter A&P), and Rudeth Realty, LLC (hereinafter Rudeth), which was for summary judgment dismissing the complaint insofar as asserted against them. Evidence submitted by A&P and Rudeth established, prima facie, that they did not create the alleged defective condition of the subject exit door or have actual or constructive notice of same (*see Lasser v Northrop Grumman Corp.*, 55 AD3d 561 [2008]; *Cox v Pepe-Fareri One, LLC*, 47 AD3d 749 [2008]; *Johnson v Nouveau El. Indus., Inc.*, 38 AD3d 611 [2007]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

In addition, the plaintiffs alleged for the first time in their opposition to the motion that the doctrine of res ipsa loquitur applied to this case and precluded summary judgment. "While modern practice permits a plaintiff to successfully oppose a motion for summary judgment by relying on an unpleaded cause of action which is supported by the plaintiff's submissions" (*Gallello v MARJ Distribs., Inc.*, 50 AD3d 734, 736 [2008], quoting *Comsewogue Union Free School Dist. v Allied-Trent Roofing Sys., Inc.*, 15 AD3d 523, 524 [2005]; *see Alvord & Swift v Muller Constr. Co.*, 46 NY2d 276, 280 [1978]), in this case, the plaintiffs' inexcusable delay in presenting the new theory of liability warranted the Supreme Court's rejection of the argument (*see Medina v Sears, Roebuck & Co.*, 41 AD3d 798, 800 [2007]; *Mainline Elec. Corp. v Pav-Lak Indus., Inc.*, 40 AD3d 939, 939-940 [2007]). In any event, the evidence failed to show that the doctrine of res ipsa loquitur applies to this case (*see Dermatossian v New York City Tr. Auth.*, 67 NY2d 219, 226 [1986]).

The defendant Georal International of New York, Inc., established its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it by demonstrating that it did not owe a duty of care to the plaintiffs by virtue of its limited service agreement with A&P (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136 [2002]; *Altinma v East 72nd Garage Corp.*, 54 AD3d 978 [2008]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Moch Co. v*

*Rensselaer Water Co.*, 247 NY 160, 168 [1928]). Mastro, J.P., Dillon, Dickerson and Leventhal, JJ., concur.