■ John Langan, Appellant, v St. Vincent's Hospital of New York et al., Respondents. [882 NYS2d 500]—

In a consolidated action to recover damages for medical malpractice, etc., the plaintiff appeals from an order of the Supreme Court, Nassau County (Adams, J.), entered March 13, 2008, which granted the motion of the defendant Steven Touliopoulos and the cross motion of the defendant St. Vincent's Hospital of New York for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is affirmed, with one bill of costs.

The plaintiff's decedent died after undergoing two surgeries following an accident in which he was struck by a motor vehicle. An autopsy indicated that the cause of death was the injuries the plaintiff's decedent sustained as a result of the accident, and that hypertensive cardiovascular disease was a contributory cause. The plaintiff commenced this action against the surgeon and the hospital in which the plaintiff's decedent was treated alleging that, inter alia, the defendants failed to diagnose and treat a fatty embolism.

" 'To establish a prima facie case of liability in a medical malpractice action, a plaintiff must prove (1) the standard of care in the locality where the treatment occurred, (2) that the defendant breached that standard of care, and (3) that the breach of the standard was the proximate cause of injury' " (*Barila v*

*Comprehensive Pain Care of Long Is.,* 44 AD3d 806, 807 [2007], quoting *Berger v Becker,* 272 AD2d 565, 565 [2000]). Therefore, on a motion for summary judgment, a defendant has the initial burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby (*see Sandmann v Shapiro,* 53 AD3d 537 [2008]). In opposition, a plaintiff then must submit material or evidentiary facts to rebut the defendant's prima facie showing that he or she was not negligent in treating the plaintiff (*id.*). Here, the defendants established their entitlement to judgment as a matter of law by submitting, inter alia, expert testimony that they did not depart from accepted standards of care (*see Barila v Comprehensive Pain Care of Long Is.,* 44 AD3d at 807).

In opposition, the plaintiff alleged, for the first time, that the plaintiff's decedent died as a result of the defendants' failure to diagnose and treat cardiac arrhythmia. The Supreme Court properly refused to consider the allegation. Although a plaintiff may successfully oppose a motion for summary judgment by relying on an unpleaded cause of action which is supported by the plaintiff's submission (*see Mainline Elec. Corp. v Pav-Lak Indus., Inc.,* 40 AD3d 939 [2007]), in this case, the plaintiff's inexcusable delay in presenting the alternative cause of action four years after the action was commenced warranted the Supreme Court's rejection of this new theory of liability (*id.; Pinn v Baker's Variety,* 32 AD3d 463, 464 [2006]; *Comsewogue Union Free School Dist. v Allied-Trent Roofing Sys., Inc.,* 15 AD3d 523, 524 [2005]). Accordingly, the Supreme Court properly granted the defendant's respective motion and cross motion for summary judgment dismissing the complaint insofar as asserted against each of them.

The plaintiff's remaining contentions are without merit. Rivera, J.P., Dillon, Belen and Hall, JJ., concur.