SECOND DEPARTMENT, FEBRUARY, 2011

(February 1, 2011)

ALROSE OCEANSIDE, LLC, Appellant, et al., Plaintiff, v RYAN MUELLER, by His Guardians, FRANK MUELLER et al., Respondents, et al., Defendants. [915 NYS2d 643]—

In an action to recover damages for injury to property, the plaintiff Alrose Oceanside, LLC, appeals, as limited by its notice of appeal and brief and the parties' stipulation, from so much of an order of the Supreme Court, Nassau County (Diamond, J.), entered November 9, 2009, as granted that branch of the motion of the infant defendant Michael Baumann, by his guardians Michael Baumann and Donna Baumann, Michael Baumann, individually, and Donna Baumann, individually, which was for summary judgment dismissing the complaint insofar as asserted against the infant defendant Michael Baumann, and denied those branches of its motion which were for leave to amend the complaint to add a cause of action asserted on behalf of the plaintiff Alrose Oceanside, LLC, alleging that the infant defendant Michael Baumann acted in concert with two other individuals, and for summary judgment in its favor on the issue of liability insofar as asserted against the infant defendant Michael Baumann.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the contentions of the plaintiff Alrose Oceanside, LLC (hereinafter Alrose), the Supreme Court properly granted that branch of the motion of the infant defendant Michael Baumann (hereinafter the infant defendant) and his parents Michael Baumann and Donna Baumann (hereinafter collectively the Baumann defendants) which was for summary judg-

ment dismissing the complaint insofar as asserted against the infant defendant. The Baumann defendants established their prima facie entitlement to summary judgment dismissing the complaint insofar as asserted against the infant defendant, and in opposition, Alrose failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]).

Additionally, the Supreme Court providently exercised its discretion in denying that branch of the plaintiffs' motion which was for leave to amend the complaint to add a cause of action on behalf of Alrose based on concerted action liability insofar as asserted against the infant defendant. "Although leave to amend a pleading 'shall be freely given' in the absence of surprise or prejudice, the determination whether to grant such leave is within the court's discretion, and the exercise of that discretion will not be lightly disturbed" (*Comsewogue Union Free School Dist. v Allied-Trent Roofing Sys., Inc.*, 15 AD3d 523, 524 [2005], quoting CPLR 3025 [b]; *see Fischer v RWSP Realty, LLC*, 53 AD3d 595, 596 [2008]). "[W]here the application for leave to amend is made long after the action has been certified for trial, 'judicial discretion in allowing such amendments should be discrete, circumspect, prudent, and cautious' " (*Morris v Queens Long Is. Med. Group, P.C.*, 49 AD3d 827, 828 [2008], quoting *Clarkin v Staten Is. Univ. Hosp.*, 242 AD2d 552 [1997]). "Moreover, when . . . leave is sought on the eve of trial, judicial discretion should be exercised sparingly" (*Morris v Queens Long Is. Med. Group, P.C.*, 49 AD3d at 828; *see American Cleaners, Inc. v American Intl. Specialty Lines Ins. Co.*, 68 AD3d 792 [2009]; *Comsewogue Union Free School Dist. v Allied-Trent Roofing Sys., Inc.*, 15 AD3d at 525). In light of Alrose's delay in moving for leave to amend its complaint to add a cause of action based on concerted action liability insofar as asserted against the infant defendant, and in light of the failure of Alrose to set forth a reasonable excuse for the delay in seeking such relief, we discern no reason to disturb the Supreme Court's determination on this issue (*see American Cleaners, Inc. v American Intl. Specialty Lines Ins. Co.*, 68 AD3d 792 [2009]; *Sampson v Contillo*, 55 AD3d 591 [2008]; *Fischer v RWSP Realty, LLC*, 53 AD3d at 596-597; *Cohen v Ho*, 38 AD3d 705, 706 [2007]; *Comsewogue Union Free School Dist. v Allied-Trent Roofing Sys., Inc.*, 15 AD3d at 525).

Alrose's remaining contentions are without merit. Florio, J.P., Eng, Belen and Austin, JJ., concur. **[Prior Case History: 2009 NY Slip Op 32675(U).]**