In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Nassau County (Phelan, J.), entered January 31, 2012, which denied their motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed, with costs.
On March 3, 2009, Sharon Weiss (hereinafter the injured plaintiff) was struck by a bus as she crossed Hempstead Turnpike in Nassau County, at a point approximately 200 feet west of the intersection of Hempstead Turnpike and Newbridge Road. Thereafter, the injured plaintiff, and her husband suing derivatively, commenced this action against Metropolitan Suburban Bus Authority and Jude Ducheine, the driver of the bus, alleging that Ducheine was negligent in the happening of the accident. After issue was joined, the defendants moved for summary judgment dismissing the complaint. The Supreme Court denied the motion.
Under the emergency doctrine, “when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context” (Rivera v New York City Tr. Auth., 77 NY2d 322, 327 [1991]; see Brannan v Korn, 84 AD3d 1140 [2011]; Lonergan v Almo, 74 AD3d 902, 903 [2010]). “This is not to say that an emergency automatically absolves one from liability for his [or her] conduct. The standard then still remains that of a reasonable [person] under the given circumstances, except that the circumstances have changed” (Ferrer v Harris, 55 NY2d 285, 293 [1982]; see Hendrickson v Philbor Motors, Inc., 101 AD3d 812 [2012]).
The defendants demonstrated their prima facie entitlement to judgment as a matter of law by presenting evidence that Ducheine was faced with an emergency not of his own making when the injured plaintiff emerged from in front of a van in the traffic lane adjacent to the lane in which the bus was traveling and stepped into the path of the bus, and that Ducheine acted reasonably under the circumstances by applying the brakes, swerving to the left, and sounding the horn (see Ardila v Cox, 88 AD3d 829, 830 [2011]).
In opposition, however, the plaintiffs raised triable issues of *728 fact as to whether an emergency situation existed at the time the accident occurred and as to whether negligence on Dúcheme’s part contributed to the accident. The plaintiffs submitted the Bus Operator Accident Report completed by Ducheine on the day of the accident, in which he stated that, prior to the accident, he saw the injured plaintiff “walking across stopped traffic,” as well as the deposition testimony of the injured plaintiff and a bus supervisor, who was following the bus by car at the time the accident occurred, that they did not hear the driver sound the horn. Contrary to the defendants’ contention, the plaintiffs’ contention that Ducheine did not sound the horn and, thus, violated Vehicle and Traffic Law § 1146, was not raised for the first time on appeal. Furthermore, the injured plaintiff testified at a hearing pursuant to General Municipal Law § 50-h that, just prior to the accident, she stood between two stopped cars in the lane adjacent to the lane in which the bus was traveling and saw the driver nod to her as if “to say yes.” Contrary to the defendants’ contention, in opposing their summary judgment motion, the plaintiffs did not improperly rely on an unpleaded cause of action with regard to their allegation that, by nodding, the driver undertook to ensure the injured plaintiff’s safe passage across the roadway, since the injured plaintiff testified to the underlying facts at her 50-h hearing and the hearing testimony was submitted on the motion (see Langan v St Vincent’s Hosp. of N.Y., 64 AD3d 632, 633 [2009]; Mainline Elec. Corp. v Pav-Lak Indus., Inc., 40 AD3d 939, 939 [2007]; Comsewogue Union Free School Dist. v Allied-Trent Roofing Sys., Inc., 15 AD3d 523, 524 [2005]). Accordingly, the Supreme Court properly denied the defendants’ motion for summary judgment dismissing the complaint. Dillon, J.E, Balkin, Austin and Sgroi, JJ., concur.
Motion by the appellants on an appeal from an order of the Supreme Court, Nassau County, entered January 31, 2012, inter alia, to strike the respondents’ brief on the ground that it “contains frivolous material.” By decision and order on motion of this Court dated August 29, 2012, that branch of the motion which was to strike the respondents’ brief was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is
Ordered that the branch of the motion which is to strike the respondents’ brief is denied. Dillon, J.E, Balkin, Austin and *729 Sgroi, JJ., concur. [Prior Case History: 2012 NY Slip Op 3033KU).]