■ RAISA BALASHANSKAYA, Appellant, v POLYMED COMMUNITY CARE CENTER, P.C., et al., Respondents. [996 NYS2d 127]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Bayne, J.), dated May 8, 2013, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured on August 2, 2007, when she fell while walking inside the medical office of the defendant Polymed Community Care Center, P.C. In her complaint and bill of particulars, the plaintiff alleged that the defendants were

negligent in the "ownership, operation, management, maintenance, supervision and control" of the premises, in allowing the existence of a "wet, defective, slippery, slick, dangerous and/or hazardous condition" and/or an "obstruction" to the plaintiff's safe passage. After issue was joined, the defendants moved for summary judgment dismissing the complaint, on the basis that the plaintiff's own deposition testimony demonstrated that no condition or defect existed on the floor at the time of the plaintiff's accident which caused her to fall. In support of their motion, the defendants primarily relied on the plaintiff's testimony that she did not slip or trip, but "just fell," and the cause of her fall was "just a weak leg." The plaintiff further testified that she did not slip on water and that there was nothing on the floor that she tripped on. In opposition to the defendants' motion, the plaintiff argued that the defendants were negligent in permitting her to walk unassisted in light of her medical condition, which was documented in her medical records. The Supreme Court granted the defendants' motion, and the plaintiff appeals.

The defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that no dangerous or defective condition existed on their premises at the time of the plaintiff's fall (*see Ingram v Costco Wholesale Corp.*, 117 AD3d 685 [2014]; *Jackson v City of New York*, 55 AD3d 546 [2008]; *Mullaney v Koenig*, 21 AD3d 939 [2005]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether a dangerous or defective condition existed on the property at the time of her fall (*see Kudrina v 82-04 Lefferts Tenants Corp.*, 110 AD3d 963 [2013]). Instead, in opposition to the defendants' motion, the plaintiff set forth a new theory relating to professional or medical malpractice, arguing that she should not have been permitted to walk unassisted. " 'While modern practice permits a plaintiff to successfully oppose a motion for summary judgment by relying on an unpleaded cause of action which is supported by the plaintiff's submissions' " (*Gallello v MARJ Distribs., Inc.*, 50 AD3d 734, 736 [2008], quoting *Comsewogue Union Free School Dist. v Allied-Trent Roofing Sys., Inc.*, 15 AD3d 523, 524 [2005]), here, the plaintiff's protracted delay in presenting the new theory of liability warranted the Supreme Court's rejection of the argument (*see Gallello v MARJ Distribs., Inc.*, 50 AD3d at 736; *Medina v Sears, Roebuck & Co.*, 41 AD3d 798, 799-800 [2007]; *Mainline Elec. Corp. v Pav-Lak Indus., Inc.*, 40 AD3d 939, 939-940 [2007]).

The plaintiff's remaining contention is without merit.

Accordingly, the Supreme Court properly granted the defend-

ants' motion for summary judgment dismissing the complaint. Balkin, J.P., Leventhal, Hinds-Radix and LaSalle, JJ., concur.