Fuentes v Theodore (2018 NY Slip Op 05667)





Fuentes v Theodore


2018 NY Slip Op 05667


Decided on August 8, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SANDRA L. SGROI
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2016-08993
 (Index No. 501392/14)

[*1]Carmen Fuentes, respondent, 
v
Maria Theodore, appellant.


McCabe, Collins, McGeough, Fowler, Levine & Nogan, LLP, Carle Place, NY (Patrick M. Murphy and Brian J. McGeough of counsel), for appellant.
Rosenbaum & Rosenbaum, P.C., New York, NY (Matthew T. Gammons and Kevin Johnson of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated August 15, 2016. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.
The plaintiff allegedly was injured on the defendant's property when she fell while attempting to descend a stepladder. The plaintiff commenced this action to recover damages for her personal injuries, and the defendant moved for summary judgment dismissing the complaint. In an order dated August 15, 2016, the Supreme Court denied the motion. The defendant appeals.
The defendant established her prima facie entitlement to judgment as a matter of law by submitting evidence that no dangerous or defective condition existed with respect to the stepladder (see Bernal v 521 Park Ave. Condo, 128 AD3d 750; Balashanskaya v Polymed Community Care Ctr., P.C., 122 AD3d 558, 559). In particular, both the plaintiff and the defendant testified at their depositions that they had previously used the stepladder without incident, and the evidence demonstrated that the stepladder was stable. While the plaintiff had previously noticed a "white substance" on the stepladder, she testified that the substance, which she had previously "walked on," did not render the stepladder "slippery or anything like that." Further, although the plaintiff testified that, upon inspecting the stepladder a few months after the accident, she "felt something" in the area of the stepladder where she observed the "white substance," she did not testify that the substance felt sticky or slippery.
In opposition to this prima facie showing, the plaintiff failed to raise a triable issue of fact. The plaintiff merely submitted the affidavit of an expert who inspected the stepladder four years after the accident and speculated as to what the "white substance" might have been and the condition of the substance at the time of the accident (see Martirosyan v Antreasyan, 153 AD3d 616, 616-617).
Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint.
LEVENTHAL, J.P., SGROI, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court