Bennett v State Farm Fire & Cas. Co. (2020 NY Slip Op 01901)





Bennett v State Farm Fire & Cas. Co.


2020 NY Slip Op 01901


Decided on March 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2018-11072
 (Index No. 10385/13)

[*1]Richard Bennett, et al., respondents-appellants,
v
State Farm Fire and Casualty Company, et al., defendants, Star Net Insurance Company, appellant-respondent (and other actions).


Lewis Johs Avallone Aviles, LLP, Islandia, NY (Martin K. Rowe, Jason T. Katz, and Goldberg Segalla [Jonathan Schapp] of counsel), for appellant-respondent.
Edward J. Boyle, Manhasset, NY, for respondents-appellants.



DECISION & ORDER
In an action, inter alia, to recover damages pursuant to Navigation Law article 12 and for declaratory relief, the defendant Star Net Insurance Company appeals, and the plaintiffs cross-appeal, from an order of the Supreme Court, Nassau County (James P. McCormack, J.) dated July 11, 2018. The order, insofar as appealed from, denied that branch of the motion of the defendant Star Net Insurance Company which was for summary judgment declaring that "the facts and circumstances underlying [this action] constitute a single occurrence under the [Star Net Insurance Company] insurance policy issued to its insured, Creative Landscaping By Cow Bay, Inc." The order, insofar as cross-appealed from, granted that branch of the motion of the defendant Star Net Insurance Company which was for summary judgment declaring that the sum it paid to settle a "related subrogation claim for clean-up costs commenced by State Farm [Fire and Casualty Company] reduces the available policy proceeds by the amount [of] the settlement."
ORDERED that the order is reversed insofar as appealed and cross-appealed from, on the law, without costs or disbursements, that branch of the motion of the defendant Star Net Insurance Company which was for summary judgment declaring that the sum it paid to settle a "related subrogation claim for clean-up costs commenced by State Farm [Fire and Casualty Company] reduces the available policy proceeds by the amount [of] the settlement" is denied, that branch of the motion of the defendant Star Net Insurance Company which was for summary judgment declaring that "the facts and circumstances underlying [this action] constitute a single occurrence under the [Star Net Insurance Company] insurance policy issued to its insured, Creative Landscaping By Cow Bay, Inc.," is granted, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that "the facts and circumstances underlying [this action] constitute a single occurrence under the [Star Net Insurance Company] insurance policy issued to its insured, Creative Landscaping By Cow Bay, Inc."
In May 2011, the defendant Creative Landscaping by Cow Bay, Inc. (hereinafter Creative Landscaping), severed an underground fuel oil line at the plaintiffs' property in the course of performing sprinkler repairs. Shortly thereafter, the plaintiffs' heating oil provider, the defendant [*2]Lewis Oil Company (hereinafter Lewis Oil), delivered approximately 700 gallons of home heating oil to the home. Due to the severed underground fuel oil line, a large quantity of heating oil allegedly leaked into the ground on the plaintiffs' property. Thereafter, the plaintiffs commenced this action against, among others, Creative Landscaping and its insurer, the defendant Star Net Insurance Company (hereinafter Star Net).
During the pendency of this action, the defendant State Fire Farm and Casualty Company (hereinafter State Farm), the plaintiffs' homeowner's insurer, commenced a separate subrogation action against Creative Landscaping and Lewis Oil to recover the costs that State Farm had expended in remediating the plaintiffs' property. In December 2016, Creative Landscaping and Lewis Oil settled the subrogation action with State Farm, with Star Net contributing $470,000 to the settlement on behalf of its insured, Creative Landscaping.
Subsequently, in the instant action, Star Net moved for summary judgment, inter alia, declaring that "the facts and circumstances underlying [this action] constitute a single occurrence under the [Star Net] insurance policy issued to its insured, Creative Landscaping," and that the sum that Star Net paid to settle the "related subrogation claim for clean-up costs commenced by State Farm reduces the available policy proceeds by the amount [of] the settlement." In the order appealed from, the Supreme Court, inter alia, denied that branch of Star Net's motion which was for summary judgment declaring that "the facts and circumstances underlying [this action] constitute a single occurrence under the [Star Net] insurance policy issued to its insured, Creative Landscaping." However, the court granted that branch of Star Net's motion which was for summary judgment declaring that the sum Star Net paid to settle the "related subrogation claim for clean-up costs commenced by State Farm reduces the available policy proceeds by the amount [of] the settlement."
In determining a dispute over insurance coverage, courts first look to the language of the policy (see Roman Catholic Diocese of Brooklyn v National Union Fire Ins. Co. of Pittsburgh, Pa., 21 NY3d 139, 148; Consolidated Edison Co. of N.Y. v Allstate Ins. Co., 98 NY2d 208, 221). "[U]nambiguous provisions of an insurance contract must be given their plain and ordinary meaning" (White v Continental Cas. Co., 9 NY3d 264, 267). "Generally, the issue of what constitutes an occurrence has been a legal question for courts to resolve" (Roman Catholic Diocese of Brooklyn v National Union Fire Ins. Co. of Pittsburgh, Pa., 21 NY3d at 148).
Here, Star Net demonstrated its prima facie entitlement to summary judgment declaring that "the facts and circumstances underlying [this action] constitute a single occurrence under the [Star Net] insurance policy issued to its insured, Creative Landscaping." The policy issued by Star Net to Creative Landscaping, which Star Net submitted in support of its motion, defined an "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." The plaintiffs alleged in the second amended complaint that Creative Landscaping was negligent and violated Navigation Law article 12 by severing the underground fuel oil line at the plaintiffs' property. The plain language of the policy, which is not ambiguous (see Selective Ins. Co. of Am. v County of Rensselaer, 26 NY3d 649, 656), establishes that the act of severing of the fuel oil line constituted a single occurrence under the subject policy (see generally Roman Catholic Diocese of Brooklyn v National Union Fire Ins. Co. of Pittsburgh, Pa., 21 NY3d at 148-149).
In opposition, the plaintiffs failed to raise a triable issue of fact. In their opposition papers, the plaintiffs set forth a different basis for imposing liability against Creative Landscaping, which was not pleaded in the second amended complaint. Specifically, the plaintiffs argued that their submissions established that Creative Landscaping's remediation activities, commencing weeks after the severing of the underground fuel oil line, constituted a separate occurrence within the meaning of the subject policy. "While modern practice permits a plaintiff to successfully oppose a motion for summary judgment by relying on an unpleaded cause of action which is supported by the plaintiff's submissions" (Comsewogue Union Free School Dist. v Allied-Trent Roofing Sys., Inc., 15 AD3d 523, 524), here, given the plaintiffs' protracted delay in presenting the new theory of liability, the Supreme Court should have rejected the argument (see Balashanskaya v Polymed Community Care Ctr., P.C., 122 AD3d 558, 559; Perez v Cassone Leasing, Inc., 40 AD3d 946, 947; [*3]Comsewogue Union Free School Dist. v Allied-Trent Roofing Sys., Inc., 15 AD3d at 524).
However, Star Net failed to establish its prima facie entitlement to summary judgment declaring that the sum it paid to settle a "related subrogation claim for clean-up costs commenced by State Farm reduces the available policy proceeds by the amount [of] the settlement." Here, there has not yet been a determination of damages against Cow Bay and Star Net. Under the circumstances, Star Net failed to establish, prima facie, that it is entitled to offset any liability to the plaintiffs based on its settlement of a subrogation action commenced by the plaintiffs' insurer (see USF & G v Maggiore, 299 AD2d 341).
The parties' remaining contentions are without merit.
Accordingly, the Supreme Court should have granted that branch of Star Net's motion which was for summary judgment declaring that "the facts and circumstances underlying [this action] constitute a single occurrence under the [Star Net] insurance policy issued to its insured, Creative Landscaping By Cow Bay, Inc.," and denied that branch of Star Net's motion which was for summary judgment declaring that the sum that it paid to settle a "related subrogation claim for clean-up costs commenced by State Farm reduces the available policy proceeds by the amount [of] the settlement."
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that "the facts and circumstances underlying [this action] constitute a single occurrence under the [Star Net] insurance policy issued to its insured, Creative Landscaping" (see Lanza v Wagner, 11 NY2d 317, 334).
ROMAN, J.P., MILLER, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court