DaCruz v Airway Cleaners, LLC (2022 NY Slip Op 06687)

DaCruz v Airway Cleaners, LLC

2022 NY Slip Op 06687

Decided on November 23, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
LILLIAN WAN, JJ.

2020-03585
 (Index No. 603412/18)

[*1]Kevin DaCruz, respondent, 
v
Airway Cleaners, LLC, appellant, et al., defendant.

Brown Gavalas & Fromm LLP, New York, NY (Timothy G. Hourican of counsel), for appellant.
Ancona & Levine (Thomas Torto, New York, NY, of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Airway Cleaners, LLC, appeals from an order of the Supreme Court, Nassau County (Diccia T. Pineda-Kirwan, J.), entered March 16, 2020. The order, insofar as appealed from, denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Airway Cleaners, LLC.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Airway Cleaners, LLC, is granted.
On July 8, 2015, the plaintiff, an employee of nonparty American Airlines, allegedly was injured when he slipped and fell on liquid on the floor of a bathroom owned by American Airlines and located in John F. Kennedy International Airport. The plaintiff commenced this action against the defendant Airway Cleaners, LLC, which had a janitorial service agreement with American Airlines, and the defendant Airway Maintenance, LLC. The defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against Airway Cleaners, LLC. In an order entered March 16, 2020, the Supreme Court, among other things, denied that branch of the motion. Airway Cleaners, LLC, appeals.
"Generally, a contractual obligation, standing alone, will not give rise to tort liability in favor of a third party" (Cortes v City of New York, 188 AD3d 643, 644; see Espinal v Melville Snow Contrs., 98 NY2d 136, 140; Vidal v City of New York, 199 AD3d 863, 865). However, insofar as relevant here, an exception to this general rule applies where "the contracting party has entirely displaced the other party's duty to maintain the premises safely" (Espinal v Melville Snow Contrs., 98 NY2d at 140).
Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against Airway Cleaners, LLC, by demonstrating that a limited janitorial service agreement between Airway Cleaners, LLC, and American Airlines was not a comprehensive and exclusive agreement which entirely displaced American Airlines' duty to maintain the premises in a reasonably safe condition (see Burger v Brickman Group Ltd., LLC, [*2]174 AD3d 568, 569-570; Foster v Herbert Slepoy Corp., 76 AD3d 210; Yousefi v Rudeth Realty, LLC, 61 AD3d 677, 678). In opposition, the plaintiff failed to raise a triable issue of fact.
The parties' remaining contentions need not be reached in light of our determination.
Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Airway Cleaners, LLC.
CONNOLLY, J.P., CHRISTOPHER, WOOTEN and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court